## LANG v. BOHLEN. (No. 5938.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 2, 1918. Rehearing Denied Jan. 30, 1918.)

1. BILLS AND NOTES ⊜477 — DEFENSES — FRAUDULENT SALES — PLEADINGS — SUFFICIENCY.

In action on note given for agency of a churn, defendant's averment that the churn was wholly incapable of doing the work that the payees represented to him that it would do, and was of no use, and unsalable, is very general, but is sufficient against a general demurrer.

2. PLEADING ⊜34(3)—DEMURRER—EFFECT.

Against a general demurrer, all presumptions are indulged in favor of the petition.

3. PLEADING ⊜34(4) — INSUFFICIENT ANSWER—REMEDIES.

If plaintiff desires to know more specifically what representations were which defendant alleged induced the note in suit, he may acquire such information by special exception, in which case every presumption is indulged against the sufficiency of the allegations.

4. BILLS AND NOTES ⊜537(4)—DEFENSES—MISREPRESENTATIONS—QUESTIONS FOR JURY.

Whether representations of plaintiff induced defendant to believe that plaintiff's churn was unusually efficient, so that defendant gave his note for the agency thereof, was for the jury.

5. BILLS AND NOTES ⊜538(8)—DEFENSES—INSTRUCTION.

In action on note which defendant alleged was given for agency of churn under false representations as to agency of churn and its especial qualities, instruction that plaintiff could recover if the churn would make butter was error.

Appeal from District Court, Frio County; J. F. Mullally, Judge.

Action by Albert Bohlen against Max Lang. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

S. T. Dowe, of Pearsall, and J. D. Dodson, of San Antonio, for appellant. S. T. Phelps, of San Antonio, for appellee.

SWEARINGEN, J. Appellee, Albert Bohlen, brought this suit against appellant, Max Lang, to recover the amount of a note made by the latter and to foreclose an attachment lien.

Appellant, in defense, averred that the consideration for which he executed the note was a right to sell in the state of Wisconsin a churn, the patent for which belonged to Wells & Bohlen. And appellant averred that he found the same to be wholly incapable of doing the work that said Wells & Bohlen had represented to him that it would do, and found said churn to be of no use and unsalable. Appellant further averred that he was induced to make and deliver the said note by the false and fraudulent representations of said Wells & Bohlen, they then and there well knowing that said representations were false and fraudulent. The case was submitted to the jury in a general charge to which timely exception was made by appellant.

The evidence sustained the cause of action alleged in appellee's first amended petition. There was evidence in support of the averment in appellant's answer, and evidence contradicting those averments.

[1-3] The court instructed the jury that if they found that the churn was capable of making butter, then appellee is entitled to recover. Three assignments contend that under the pleadings and evidence this charge was erroneous. The contention must be sustained. The averment that the churn was wholly incapable of doing the work that said Wells & Bohlen represented to him that it

would do, and was of no use, and unsalable, is very general, but is sufficient against a general demurrer against which all presumptions are indulged in favor of a petition. Had the appellee desired to know more specifically what the representations were, he could have acquired that information by a special exception, in which case every presumption is indulged against the sufficiency of the allegations. No special exception was made.

[4, 5] There was evidence that tended to prove that appellant contracted to purchase a right to sell the churn because he was led to believe the churn a useful and salable article and relied upon representations of Wells & Bohlen, the payees of the note, that the churn was salable and of value as a commercial article, and that appellant could make a profit by selling it in the state of Wisconsin. There was evidence that it was not salable, and worthless for the purposes for which it was offered. Neither the averment of appellant's defense nor the evidence limited the issue to the question of whether or not the churn would make butter. The jury may have found that the churn would make butter and at the same time may have found from the pleadings and the evidence that it was worthless for the purpose for which it was bought; that Wells & Bohlen knew it was worthless for that purpose, and fraudulently induced appellant to believe it was valuable as a commercial article. It is apparent that appellant did not intend to make butter. He bought the right to sell the churns, and no doubt believed that the churn had such superior merits over other churns as to enable him to readily sell them at a profit. Whether or not this conviction was induced by representations of Bohlen was a question for the jury. The charge was error.

The judgment is reversed, and the cause remanded.